# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-07-CR-203 LY |
| | § | |
| ROEL FLORES | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on October 25, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On February 19, 2008, Judge Lee Yeakel sentenced the Defendant to 21 months of imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Defendant's supervision commenced on August 25, 2009.

The Defendant's progress on supervision was unremarkable until October 28, 2010, when the Defendant was arrested and charged with possession of a controlled substance. The Round Rock Police Department had conducted an investigation between December 2009 and October 2010, and executed a search warrant at the Defendant's residence on October 28, 2010, the date of the

Defendant's arrest. No action was taken at that time, as the case was pending. On July 26, 2011, the Defendant was convicted in Williamson County, Texas of possession of a controlled substance and sentenced to 9 months in state jail. Based on this conviction, the Probation Office filed its petition and requested a warrant, and the undersigned authorized the issuance of a warrant on August 16, 2011. The Defendant completed his state sentence on October 19, 2011, and came into federal custody on the federal warrant on October 20, 2011.

On October 25, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, the material elements of which the Defendant admitted.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by being convicted of possession of a controlled substance.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow, given that the Defendant will remain on state parole following his federal imprisonment. IT IS FURTHER RECOMMENDED that the District Court recommend that the B.O.P. designate F.C.I. Big Spring as the facility in which the Defendant is to serve his sentence, as it can properly accommodate the Defendant's large size (the PSR lists the Defendant as 5'8" and 450 lbs.).

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE